# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESS GUY ANSCOTT,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No.:2:13-cv-1833-JAD-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, by a Nevada state prisoner. Petitioner has paid the filing fee for this action. (Doc. 6). The petition shall now be filed and served on respondents.

    A petition for federal habeas corpus should include all claims for relief that the petitioner is aware of. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).

    Petitioner has filed a motion for the appointment of counsel. (Doc. 8). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v.*

*Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Counsel may be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (Doc. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **FILE and ELECTRONICALLY SERVE** the petition (Doc. 1-1) upon the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order to answer or otherwise respond to the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court.

1    **IT IS FURTHER ORDERED** that, from this date forward, petitioner shall serve upon the
2  Attorney General of the State of Nevada a copy of every pleading, motion, or other document he
3  submits for consideration by the Court.  Petitioner shall include with the original paper submitted for
4  filing a certificate stating the date that a true and correct copy of the document was mailed to the
5  Attorney General.  The Court may disregard any paper that does not include a certificate of service.
6  After respondents appear in this action, petitioner shall make such service upon the particular
7  Deputy Attorney General assigned to the case.
8    Dated this 16th day of April, 2014.

10  _____
     UNITED STATES DISTRICT JUDGE