# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESS GUY ANSCOTT,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:13-cv-1833-JAD-VCF

**ORDER**

    This is a *pro se* petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Doc. 15). For the reasons below, I grant the motion in part.

**I. Procedural History**

    In the Eighth Judicial District for the State of Nevada, in case no. C228372, the State of Nevada filed an information charging petitioner with two felony counts of possession of a stolen motor vehicle. (Exhibit 11).[1] Pursuant to an agreement with the State, petitioner entered a guilty plea to a single count of possession of a stolen motor vehicle. (Exhibits 17, 18, 19). In exchange for petitioner's plea, the State agreed to recommend a sentence under the habitual offender statute (NRS 207.010) of no more than 12 ½ years with eligibility for parole beginning after 5 years and the State retaining the right to argue for consecutive sentences with respect to two other cases. (Exhibit 19). Additionally, the State agreed to petitioner's release on his own recognizance prior to sentencing, under the condition that the State would be free to recommend a greater sentence under the habitual offender statute if petitioner failed to appear at sentencing. (*Id.*).

---

[1] The exhibits referenced in this order are found in the Court's record at Docs. 16-20.

Petitioner failed to appear for sentencing, and the state district court granted the defense a continuance to give defense counsel an opportunity to locate petitioner. (Exhibit 45, at p. 3). When defense counsel was unsuccessful in finding petitioner, the state district court ultimately issued a bench warrant. (Exhibit 20; Exhibit 45, at p. 3). Subsequent to being arrested on the bench warrant, petitioner filed a motion to withdraw his guilty plea. (Exhibit 24). After a hearing on the motion to withdraw the guilty plea, the state district court denied the motion. (Exhibits 34 & 42).

Petitioner also filed a motion seeking appointment of alternate counsel for the purpose of reviewing allegations of ineffective assistance of counsel. (Exhibit 39). The state district court denied that motion and proceeded to sentencing. (Exhibit 44). The state district court adjudicated petitioner a habitual criminal under NRS 207.010, sentenced him to ten years to life in prison, and ordered the sentence to be served concurrent to his other sentences. (Exhibit 45, at p. 23; Exhibit 46, at p. 2).

Petitioner appealed from his judgment of conviction. (Exhibit 47). In his counseled opening brief on direct appeal, filed on August 24, 2009, (Exhibit 65), petitioner raised three issues: (1) whether the trial court erred when it denied petitioner's motion to withdraw his guilty plea agreement due to ineffective assistance of counsel; (2) whether the trial court erred when it denied petitioner's motion to withdraw the guilty plea agreement due to alleged mental impairment; and (3) whether the trial court erred when it denied petitioner's motion to appoint independent counsel to assess claims of ineffective assistance, because allowing the public defender's office to investigate petitioner's claims constituted a conflict of interest. (*Id.*). On March 11, 2010, the Nevada Supreme Court affirmed petitioner's conviction. (Exhibit 68).

On January 31, 2011, petitioner filed a *pro se* post-conviction habeas petition in state district court. (Exhibit 74). Petitioner was appointed counsel, who filed a supplemental petition on September 23, 2011. (Exhibits 81 & 82). On March 23, 2012, the state district court held a hearing on the petition. (Exhibit 85). The state district court denied the petition at the conclusion of the hearing. (Exhibit 85, at pp. 28-29). The state district court filed a written order on May 18, 2012, denying the petition and supplemental petition. (Exhibit 97).

Petitioner appealed the denial of his post-conviction habeas petition and supplemental petition. (Exhibit 88). In his counseled opening brief on appeal, filed January 7, 2013, (Exhibit 109), he raised these issues: (1) did the trial court err in denying the petition for writ of habeas corpus including all grounds set forth therein; (2) did the trial court err in concluding that petitioner was appropriately and effectively explained the risks of large habitual sentencing; (3) did the court err in concluding that petitioner would have accepted the plea negotiation regardless of whether the defenses were fully investigated; and (4) did the trial court err by imposing the habitual enhancement resulting in a punishment that was cruel and unusual. (Exhibit 109, at pp. 6-7). By order filed July 23, 2013, the Nevada Supreme Court affirmed the denial of the post-conviction petition and supplemental petition. (Exhibit 113). Remittitur issued on August 21, 2013. (Exhibit 115).

Petitioner dispatched his federal habeas petition to this court on October 1, 2013. (Doc. 11, at p. 1, item 5). Respondents now move to dismiss the petition. (Doc. 15). Petitioner filed an opposition to the motion. (Doc. 22). Respondents filed a reply. (Doc. 23).

**II. Discussion**

    **A. Unexhausted Grounds**

        **1. Exhaustion Standard**

Respondents argue that several grounds of the petition are unexhausted. 28 U.S.C. § 2254(b)(1)(A) requires a habeas petitioner to first exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available—in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state

courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee and a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

### 2. Ground 1(d)

Petitioner asserts a claim of ineffective assistance of counsel based on allegations that trial counsel failed to examine infirmities in the prior convictions used to sentence petitioner as a habitual criminal. (Doc. 11, at p. 10). Petitioner never presented an ineffective assistance of counsel claim to the Nevada Supreme Court based on allegations that his counsel failed to examine infirmities in his prior convictions that made him eligible for treatment as a habitual criminal. (Exhibit 65; Exhibit 109). Ground 1(d) of the petition is unexhausted.

### 3. Ground 1(e)

Petitioner alleges that trial counsel was ineffective for failing "to object to the State's failure to prove the judgments of conviction actually belonged to [petitioner]." (Doc. 11, at p. 11). Petitioner did not present this claim to the Nevada Supreme Court. In his opposition, petitioner

argues that he exhausted the claim by presenting it in his state habeas petition filed in the state district court. (ECF No. 22, at p. 4). To exhaust a claim, a petitioner must have presented his federal constitutional issue before the highest available state court "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). The state's highest court is "not required to comb the trial court's decision to discover [a] federal constitutional issue . . . ." nor is it "required to review the parties' trial court pleadings to see if it [can] discover for itself a federal constitutional issue." *Id*. (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)) (declining to require state appellate judges to read lower court state opinions). Only those issues within the four corners of petitioner's opening brief were properly presented to the Nevada Supreme Court for exhaustion purposes. Petitioner never presented an ineffective assistance of counsel claim to the Nevada Supreme Court based on allegations that his counsel failed to object to the State's failure to prove the judgments of conviction actually belonged to petitioner. (Exhibit 65; Exhibit 109). Ground 1(e) of the petition is unexhausted.

### 4. Ground 2(a)

Petitioner alleges ineffectiveness of appellate counsel based on the following:

> [Appellate counsel] failed to adequately present or support defendant's grounds of appeal by: (i) failing to indicate just what documents and witnesses trial counsel failed to procure and how they would have exonerated defendant; and (ii) failing to present the Nevada Supreme Court with copies of the guilty plea agreement (GPA) and transcript of defendant's plea canvass.

(Doc. 11, at p. 13). In petitioner's opening brief on appeal from the denial of his state habeas petition, petitioner asserted that: "In the instant case, appellate counsel not only failed to identify specific appellate issues, but in addition and more specifically failed to provide the appellate court with the necessary record in order for the Court to render a decision. No transcript of the plea canvass was provided." (Exhibit 109, at p. 21). In his opposition, petitioner argues that he exhausted the claim by presenting it in his state habeas petition filed in the state district court. (ECF No. 22, at pp. 4-6). However, only those issues "within the four corners" of his state appellate briefing were properly presented to the Nevada Supreme Court for exhaustion purposes. *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Petitioner did not present the Nevada Supreme

Court with allegations that appellate counsel failed to identify "documents or witnesses trial counsel failed to procure and how they would have exonerated" petitioner. Petitioner also did not present the Nevada Supreme Court with allegations that appellate counsel was ineffective for failing to provide the Nevada Supreme Court with a copy of the guilty plea agreement. (*See* Exhibits 65 & 109). Therefore, the only portion of Ground 2(a) that is exhausted is petitioner's allegation that appellate counsel failed to present the Nevada Supreme Court with a transcript of the plea canvass. The remainder of Ground 2(a) is unexhausted.

### 5. Ground 2(b)

Petitioner alleges that appellate counsel failed to "federalize" his claim that the trial court erred in denying the motion to withdraw his guilty plea. (Doc. 11, at pp. 14-15). Petitioner never presented the Nevada Supreme Court with this claim. (*See* Exhibits 65 & 109). Ground 2(b) is unexhausted.

### 6. Ground 2(c)

Petitioner asserts that appellate counsel was ineffective for not challenging the state district court adjudicating him as a habitual offender. (Doc. 11, at p. 16). In his opening brief on appeal from the denial of his state habeas petition, petitioner alleged that his attorney was ineffective for "fail[ing] to identify specific appellate issues." (Exhibit 109, at p. 21). However, petitioner never presented the Nevada Supreme Court with a specific claim that counsel was ineffective for failing to challenge the state district court's decision to adjudicate him as a habitual offender. (See Exhibits 65 & 109). Moreover, the Nevada Supreme Court, in affirming the denial of the state habeas petition, stated that: "Appellant failed to demonstrate prejudice, as he does not identify the issues that appellate counsel should have raised . . . ." (Exhibit 113, at p. 4). Ground 2(c) is unexhausted.

### 7. Ground 3

Petitioner alleges that his sentence constitutes cruel and unusual punishment under the Eighth Amendment and that the state district court's sentencing him as a habitual criminal violated NRS 207.010 *et seq*. (Doc. 11, at pp. 17-19). While petitioner presented this claim to the Nevada Supreme Court in his opening brief on appeal from the denial of his state habeas petition, the Nevada Supreme Court declined to reach the merits of that claim because he did not present the

claim to the state district court in his state habeas petition. (Exhibit 109, at pp. 26-28; Exhibit 113, at p. 4). Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille v. Peoples*, 489 U.S. 346 (1989). Accordingly, Ground 3 is unexhausted because petitioner did not present the claim to the Nevada Supreme Court in a proper procedural context.

### 8. Ground 4

Petitioner challenges the validity of his guilty plea, asserting that he did not voluntarily enter into his plea because he was taking medication and suffered from mental health problems. (Doc. 11, at pp. 20-21). Respondents contend that petitioner presented a similar claim in his opening brief on direct appeal, but he presented it as a state law claim, challenging the district court's denial of his motion to withdraw his guilty plea.

A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit by either referencing specific provisions of the federal constitution or statutes, or citing to federal case law. *Castillo v. McFadden*, 399 F.3d 993, 999; *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005). Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes. *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). If a petitioner cites a state case that analyses a federal constitutional issue, that federal issue is fairly presented. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). A petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone. *Gray v. Netherland*, 518 U.S. 152, 163 (1996). In order to present the substance of a claim to the state court, petitioner must reference the specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief. *Gray*, 518 U.S. at 162-63. A petitioner who cites one clause of a constitutional amendment does not exhaust a claim under a different clause of the same constitutional amendment. *See Picard v. Connor*, 404 U.S. 270, 276-77 (1971).

In Ground 4 of the federal petition, petitioner claims that his guilty plea was not knowing, intelligent, and voluntary, therefore violating his Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Doc. 11, at pp. 20-21). The second issue in petitioner's opening brief on direct appeal to the Nevada Supreme Court was "whether the trial court erred when it denied appellant's motion to withdraw the guilty plea agreement due to appellant's mental impairment at the time of the guilty plea agreement." (Exhibit 65, at p. 10). While that claim is similar and related to petitioner's federal due process claim in Ground 4 of the federal petition, it is not the same legal claim. The Nevada cases that petitioner cited in his opening brief analyzed a defendant's ability to challenge the validity of his guilty plea through a claim of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution. *See, e.g., Molina v. State*, 87 P.3d 533, 536-538 (Nev. 2004); *Wingfield v. State*, 535 F.2d 1295, 1296 (Nev. 1975); Exhibit 65, at pp. 10-11. Another Nevada case cited by petitioner in his opening brief, *Mitchell v. State*, 848 F.2d 1060 (Nev. 1993), analyzed whether the state district court had abused its discretion in denying a defendant's motion to withdraw a guilty plea pursuant to state statute NRS 176.165 and under the Nevada cases of *Bryant v. State*, 721 F.2d 364 (1986) and *Wingfield v. State*, 535 F.2d 1295 (Nev. 1975); Exhibit 65, at pp. 10-11. None of the Nevada cases cited in petitioner's opening brief analyze the federal standard for determining whether a plea itself is knowing, intelligent, and voluntary under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Because petitioner's federal due process claim in Ground 4 differs from the state law claim and cases cited in the opening brief on direct appeal, petitioner did not fairly present the same legal claim to the Nevada Supreme Court. Therefore, Ground 4 of the federal petition is unexhausted.

### B. Argument Regarding Conclusory Claims

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing Section 2254 Cases requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Respondents contend that Grounds 1(c), 1(d), and 1(e) are conclusory and should be dismissed. In Ground 1(c), petitioner asserts that his

attorney "rendered ineffective assistance by failing to communicate with petitioner in order to prepare a defense." (Doc. 11, at p. 9). In Ground 1(d), petitioner alleges that counsel was ineffective for failing to examine the convictions that the state district court relied upon to enhance his sentence by adjudicating him a habitual criminal. (Doc. 11, at p. 10). In Ground 1(e), petitioner alleges that counsel was ineffective for failing "to object to the State's failure to prove the judgments of conviction actually belonged to the defendant." (Doc. 11, at p. 11). As to each of these grounds, respondents argue that petitioner fails to allege sufficient facts and details to succeed on his ineffective assistance of counsel claims under *Strickland v. Washington,* 466 U.S. 668 (1984). Respondents' arguments are better reserved for inclusion in an answer and consideration on the merits of the petition at a later time. The Court declines to dismiss these grounds as conclusory at this juncture.

### C. Non-Cognizable State Law Claim

In Ground 3, petitioner alleges that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment because his sentence is grossly disproportionate to the underlying offense. (Doc. 11, at p. 17). Petitioner also alleges that the state district court's sentencing him as a habitual offender violated NRS 207.010 *et seq.* (*Id.*, at pp. 17-19). Respondents assert that the state law claim is not a cognizable claim for federal habeas corpus relief. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Allegations of violations of state law do not present a cognizable basis for federal habeas corpus relief. *Swarthout v. Cooke*, 131 S.Ct. 859, 862-63 (2001); *see also Missouri v. Hunter*, 459 U.S. 359, 368 (1983). Thus, to the extent that petitioner alleges in Ground 3 that the state district court violated NRS 207.010 when sentencing him as a habitual offender, he is alleging a violation of state law, which is not a cognizable basis for federal habeas relief. This portion of Ground 3 is dismissed as not cognizable.

. . .

**III. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition contains both exhausted and unexhausted claims. *Id.* The court finds that Grounds 1(d), 1(e), 2(b), 2(c), 3, and 4 are unexhausted. Additionally, the only portion of Ground 2(a) that is exhausted is petitioner's allegation that appellate counsel failed to present the Nevada Supreme Court with a transcript of the plea canvass; the remainder of Ground 2(a) is unexhausted. The remaining grounds of the petition, including Grounds 1(a), 1(b), and 1(c), appear to be exhausted. Because the court finds that the petition is a "mixed petition" containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). **Petitioner's failure to choose one of these three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.** Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**:

1. Grounds 1(d), 1(e), 2(b), 2(c), 3, and 4 of the federal petition are unexhausted. Additionally, the only portion of Ground 2(a) that is exhausted is petitioner's allegation that

appellate counsel failed to present the Nevada Supreme Court with a transcript of the plea canvass; the remainder of Ground 2(a) is unexhausted.

2. The Court declines to dismiss Grounds 1(c), 1(d), and 1(e) as conclusory at this juncture.

3. To the extent that Ground 3 alleges that the state district court violated NRS 207.010 when sentencing petitioner as a habitual offender, this state law claim is **DISMISSED WITH PREJUDICE** as not a cognizable claim for which federal habeas relief can be granted.

**IT IS FURTHER ORDERED** that petitioner has until **March 4, 2015**, to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to that motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 2nd day of February, 2015.

_____
Jennifer Dorsey
United States District Judge