# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESS GUY ANSCOTT,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:13-cv-1833-JAD-VCF

**ORDER**

    This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed February 2, 2015, the Court granted in part and denied in part respondents' motion to dismiss the petition. (Doc. 24). Specifically, the Court ruled that Grounds 1(d), 1(e), 2(b), 2(c), 3, and 4 of the federal petition are unexhausted. Additionally, the only exhausted portion of Ground 2(a) is petitioner's allegation that appellate counsel failed to present the Nevada Supreme Court with a transcript of the plea canvass; the remainder of Ground 2(a) is unexhausted. The Court declined to dismiss Grounds 1(c), 1(d), and 1(e) as conclusory. The Court also ruled that, to the extent that Ground 3 alleges that the state district court violated NRS 207.010 when sentencing petitioner as a habitual offender, the state law claim was dismissed with prejudice as non-cognizable in federal habeas corpus. The Court gave petitioner the following options for dealing with his exhausted claims: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

1 Instead of choosing one of the options, petitioner filed a motion to amend the petition. (Doc. 27). Respondents opposed the motion to amend. (Doc. 28). Thereafter, petitioner filed a declaration in which he formally abandoned the grounds that this Court found unexhausted. (Doc. 29).

"A party may amend his pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15 (a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings" though each factor is not necessarily given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995). Petitioner seeks to amend his petition to include allegations that are redundant of grounds contained within the original petition. The remaining grounds that petitioner seeks to add to the petition are untimely, as they do not relate back to the original petition. 28 U.S.C. § 2244(d); Fed. R. Civ. P. 15(c)(2); *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Because petitioner's proposed amendments would be futile, the motion to amend is denied. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal). This action shall proceed on the original petition, as to the remaining grounds outlined in the Court's order of February 2, 2015.

**IT IS THEREFORE ORDERED** that petitioner's motion to amend (doc. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents shall file an answer to the remaining grounds of the original petition not later than **July 16, 2015.**

Dated: June 9, 2015.

_____
UNITED STATES DISTRICT JUDGE