1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3

4    Jess Guy Anscott,

5         Petitioner                                          **2:13-cv-1833-JAD-VCF**

6    v.                                                        **Order Denying Motion for Stay and Abeyance**

7    Brian Williams, et al.,                                   [ECF No. 42]

8         Respondents

9

10        Pro se state-prison inmate Jess Guy Anscott brings this § 2254 action to challenge his Nevada

11   state-court conviction and sentence for possession of a stolen motor vehicle and resultant

12   adjudication as a habitual criminal.  On February 2, 2015, I granted in part and denied in part

13   respondents' motion to dismiss the petition.  Because I found that several grounds in Anscott's

14   petition are unexhausted, I ordered Anscott to inform the court whether he wishes to proceed on only

15   his exhausted claims or file a motion for stay and abeyance by April 18, 2015.[1]

16        Anscott timely submitted a declaration of abandonment of his unexhausted claims,[2] and

17   respondents filed an answer to the remaining claims in his petition.[3]  On the date that his extended

18   deadline to file a reply to respondents' answer expired, Anscott submitted a motion for a stay and

19   abeyance.[4]  A stay and abeyance is available only if the petitioner can show that there was good

20   cause for his failure to first exhaust his claims in state court and that his unexhausted claims are not

21

22

23

_____

24   [1] ECF No. 24.  The deadline was originally March 4, 2015, but I granted Anscott's request to
25   continue the deadline to April 18, 2015.  ECF No. 26.

26   [2] ECF No. 29.

27   [3] ECF No. 35.

28   [4] ECF No. 42.

plainly meritless.[5]  Anscott notified the court more than 16 months ago that he was forever

abandoning his unexhausted claims and wishes to proceed on only his exhausted claims.[6]  And

Anscott's one-page motion does make any attempt to show that there was good cause for his failure

to first exhaust his unexhausted claims in state court or that his unexhausted claims are not plainly

meritless.[7]  Accordingly,

IT IS HEREBY ORDERED that **Anscott's motion for stay and abeyance [ECF No. 42] is**

**DENIED, and Anscott's reply to the answer is due by October 6, 2016.**

Dated September 6, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

[6] ECF No. 29.

[7] ECF No. 42 at 1.